**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                      x
KIM,                                  x
                                      x
        plaintiff,                    x
                                      x    Civ. No. 05-3407
v.                                    x
                                      x    **OPINION**
UNITED STATES OF AMERICA,             x
                                      x
        defendant.                    x
_____  x

**CHESLER, District Judge**

**I.    INTRODUCTION**

     This matter comes before the Court on petitioner Susan H. Kim's application for relief pursuant to 18 U.S.C. § 2255.  Petitioner's application is based upon the contention that she was denied effective assistance of counsel during her September 24, 2004 sentencing when her attorney failed to object, under principles established in <u>Blakely v. Washington</u>, 542 U.S. 296 (August 2004) and <u>United States v. Booker</u>, 543 U.S. 220 (January 2005).  Specifically, petitioner argues that her attorney should have objected when the Court applied the Sentencing Guidelines set forth and stipulated to in petitioner's plea agreement with regard to the relevant loss and an enhancement for abuse of a position of trust because this was a finding that should have been reserved for the jury.  For the reasons that follow, petitioner's application is **DENIED**.

**II.   BACKGROUND**

     Petitioner was arrested on or about May 14, 2003, on a Complaint dated May 9, 2003.  As set forth in the Complaint, Petioner was involved in a credit-card bust-out fraud.  As part of the

fraudulent scheme, and in order to obtain money and property to which they were not entitled, petitioner and others used credit card machines registered to petitioner's business to incur fraudulent charges on credit cards, knowing the credit card companies would never be paid for the charges.

Pursuant to a plea agreement with the United States, which was dated June 18, 2003 and signed by the defendant on August 13, 2003, petitioner agreed to the relevant loss amount and to a two-point enhancement for abuse of trust.  Specifically, Schedule A of the plea agreement provided in pertinent part:

> Specific Offense Characteristic § 2B1.1(b)(1)(F) applies because the stipulated loss amount is more than $120,000 but less than $200,000.  This Specific Offense Characteristic results in an increase of ten levels.
>
> Susan H. Kim abused a position of trust in committing this offense, pursuant to U.S.S.G. § 3B1.3.  This results in an increase of two levels.

(Opposition at Ex. 2, Plea Agr., p. 6, ¶¶ 2, 3.)  Also as part of the plea agreement, petitioner waived her right to file "any appeal, any collateral attack, or any other writ or motion after sentencing, including but no limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentencing court's determination or imposition of the offense level, if the total offense level determined by the court is equal to or less than fifteen. (Opposition at Ex. 2, Plea Agr., pp. 6-7.)

Pursuant to the plea agreement, on October 21, 2003, petitioner pled guilty to a one-count information charging her with credit card fraud, in violation of Title 18, United States Code, Section 1029(a)(5).  This Court sentenced petitioner on or about September 24, 2004.  At

sentencing, the Court applied the Stipulations in the plea agreement and determined the applicable offense level was fifteen, resulting in a range of 18 to 24 months under the U.S. Sentencing Guidelines. Although the government requested that the Court impose a sentence at the high-end of the applicable sentencing range in light of the facts associated with petitioner's crime, the Court expressly took into consideration petitioner's infant child and sentenced her to the bottom of the applicable range, 18 months' imprisonment.

Notwithstanding the waiver in her plea agreement, or the fact the Court sentenced her pursuant to the parties' Stipulations in the plea agreement and imposed a sentence at the very bottom of the applicable Guidelines range, petitioner subsequently filed the instant petition. Petitioner argues that her counsel was ineffective by failing to object to the Court's determination of the applicable loss amount and enhancement for abuse of a position of trust, in light of <u>Blakely</u> and <u>Booker</u>.

### III.  DISCUSSION

Petitioner's claim must be denied. First, she has waived her right to file such a petition and the parties' plea agreement should be enforced. There is no suggestion in petitioner's papers that she did not understand and appreciate the nature and extent of that waiver. In the plea agreement, petitioner specifically waived the right to file a Section 2255 application if the Court imposed a sentence within the guidelines range stipulated by the parties. The Court imposed such a sentence and, absent a claim that petitioner's waiver was coerced or not knowingly made, it should be enforced.

Secondly , by stipulating to the facts that led to the Court's guideline calculation, petitioner waived any right she might have had to a jury determination of the issue. A knowing,

intelligent, and voluntary waiver of the right to have guideline-related factual issues determined by a jury is as effective in this context as it is in waiving a right to trial of the underlying issue of guilt or innocence before a jury.  In short, there is nothing in petitioner's moving papers that suggests that her decision to forego any possible right to a trial on guideline issues and instead to stipulate to them was anything other than a knowing, intelligent, and voluntary waiver of that right.

Thirdly, there has been no demonstration that counsel's performance was deficient.  A petitioner claiming that her attorney's performance was deficient must demonstrate:

> that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).  As a general matter, counsel is deemed effective if his performance is reasonable under prevailing professional norms.  Id. at 688. Counsel's conduct is not to be assessed through the distorting lens of hindsight, or deemed ineffective because the ultimate result was unsatisfactory to the petitioner.  Id. at 689; Zettlemoyer v. Fulcomer, 923 F.2d 284, 296 (3d Cir. 1991).  In this case, petitioner has not shown that she was prejudiced by her counsel's failure to object to the Court's sentencing determination.  There is not the slightest indication that counsel's performance was deficient. Booker, which was not decided until after petitioner was sentenced, announced a new rule of criminal procedure.  Lloyd v. United States, 407 F.3d 608, 613 (3d Cir. 2005).  Indeed, in

4

discussing the state of the law pre-Booker, the Lloyd court noted:

> Most recently, the Court of Appeals for the Second Circuit has weighed in, concluding that the result in Booker "was not dictated by Apprendi or, for that matter, the Court's later decision in Blakely . . . ." Guzman v. United States, 404 F.3d 139, 142 (2d Cir. 2005). It "cannot be said that the result in *Booker* was apparent to 'all reasonable jurists.'" Id. Booker, the Court concluded, announced a new rule. Id.

Lloyd, 407 F.3d at 613. If the result in Booker was not apparent to all reasonable jurists, it should follow a fortiori that it would not be apparent to all reasonable and competent defense counsel.

There is a more fundamental reason, however, why petitioner's application must be rejected. That is because the plea agremeent itself reflects that it was the product of a carefully negotiated process between petitioner's counsel and the U.S. Attorney. It reflects that, insofar as possible, the parties, through arms length negotiation, came to a stipulated guidelines range. Schedule A of the plea agreement discloses that the agreed upon offense level was 15, which resulted in a sentencing range of 18 to 24 months. The sentence imposed was 18 months – the low end of the range.

There is nothing about this process that reflects ineffective assistance of counsel. Rather, it reflects a skilled attorney functioning in a time of uncertainity as to core legal issues, making tactical decisions to limit his client's risks. That his client now appears unhappy with the result does nothing to change the fact that there is not the slightest indication that petitioner received ineffective assistance of counsel.

## IV. CONCLUSION

For the foregoing reasons, petitioner's application shall be **DENIED**, and this case shall be deemed **CLOSED**.

Date:   April 3, 2006

s/ Stanley R. Chesler
United States District Judge
